## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

**MARY GRACE FURNAS,**
**as Executrix of the Estate of**
**CAROLYN ANN O'CONNOR,**

      **Plaintiff,**

**v.**                               **CIVIL ACTION NO. _____**
                                       **Judge _____**

**APPALACHIAN POWER COMPANY,**
**a Virginia corporation,**
**UNITED AFFILIATES CORPORATION,**
**a Nevada corporation,**

      **Defendants.**

## C O M P L A I N T

The Plaintiff, Mary Grace Furnas, as Executrix of the Estate of Carolyn Ann O'Connor, for her Complaint, states as follows:

1.     The Plaintiff, Mary Grace Furnas, Executrix of the Estate of Carolyn O'Connor, is a resident of Flower Mound, Denton County, Texas, and has resided there at all times alleged herein. A copy of her certificate of appointment is attached hereto as Exhibit 1.

2.     The Defendant, Appalachian Power Company ("APCo"), is an electric utility that generates, distributes, and transmits electricity and sells wholesale to other electric utility companies. Defendant APCo is an affiliate, subsidiary of, and/or is a member in an integrated segment of utilities operating under American Electric Power.  APCo was doing business in Logan County, West Virginia, at all times, as alleged herein.

EXHIBIT A

3.     The Defendant, United Affiliates Corporation ("UAC"), is a corporation organized and existing under the laws of the State of Nevada and doing business in Logan County, West Virginia, at all times as alleged herein.

4.     Venue is appropriate in the Circuit Court of Logan County, West Virginia, under *W.Va. Code* §56-1-1.

5.     On June 22, 2022, Carolyn O'Connor was a passenger in a Huey helicopter, part of the Freedom Festival celebration at the Logan County Airport. This festival had occurred for several years before the date of the crash. On that day, the Huey helicopter came into contact with a series of overhead powerlines constructed, owned, and maintained by Defendant APCo at WV-17 (Blair Mountain Highway) in Logan County, West Virginia. The helicopter burst into flames, and Carolyn O'Connor died because of the crash. The Huey helicopter struck power lines that originated from Defendant, UAC's, land and were installed, owned, maintained or otherwise controlled by Defendants. The crash occurred in the powerlines directly adjacent to UAC's land.

6.     The powerlines were unmarked and provided no warning as to their location and, as a result, the helicopter struck the powerlines, killing all occupants of the helicopter, including Carolyn O'Connor.

## COUNT I

### Negligence of APCo and UAC

7.     Plaintiff adopts and incorporates, by reference, the allegations set forth within the previous paragraphs as if fully set forth within this Count.

8.     The powerlines at issue were located on an easement obtained by APCo across UAC's land to provide electric services to UAC's property and potentially other adjacent properties for a business purpose.  Said powerlines were presumably installed, owned, and

maintained by APCo or inspected, repaired, or otherwise maintained by APCo for the sale of electric power.

9.     The Huey helicopter at issue struck these powerlines in an area that ran across WV 17 and Blair Mountain Highway in Logan County, West Virginia.

10.     Said powerlines constituted a latent, dangerous condition that posed a high degree of risk to occupants of the Huey helicopter or other aircraft which APCo knew, or in the exercise of reasonable care should have known, would be operating in the area, particularly since the crash location was within 3.5 miles of the Logan County Airport.

11.     Providing and maintaining electrical power constitutes an ultrahazardous and dangerous condition presenting a high degree of risk of serious injury or death. APCo and UAC had a duty to mark said power lines in the surrounding area with high visibility spheres providing notice of and a warning to air traffic or other activities which may come in contact with the lines or to remove the lines. These high visibility spheres are specifically designed to provide a warning of this ultrahazardous condition and are routinely used by APCo.

12.     Additionally, the subject powerlines were run well over 200 feet above the ground surface, and the failure to provide said high visibility spheres violates FAA AC 70/7460-1M, which provides that powerlines should be marked with warning devices to protect aircraft flying in the area from striking them. The Defendants knew or should have known of FAA AC 70/7460-1M but did not use high visibility spheres on these particular powerlines, although the spheres are used on other APCo powerlines. The Defendants owed a duty to Plaintiff because it was reasonably foreseeable that helicopters would come in contact with the powerlines, given the height and location of the lines. These power lines were thin and may have turned greenish-brown due to their age, causing them to blend into the natural landscape. Due to the terrain, part

of the lines and poles were hidden, enhancing the danger of contact by helicopters and increasing the foreseeability of injury by contact. Moreover, there was a certified helicopter repair station at the airport. As a result, there was significant helicopter traffic in the area as opposed to airports without such a facility. Despite this, the Defendants did not request an aeronautical study by the FAA or seek an independent opinion on the need for high visibility spheres.

13.     As an installer of the utility poles carrying the powerlines involved in the crash, APCo had a nondelegable duty to retain, inspect, repair, and, if needed, replace the utility poles if necessary. This nondelegable duty to inspect these powerlines at reasonable intervals exists in both urban and rural areas. See Syl. Pt.4, *Sutton v. Monongalia Power Co.*, 151 W.Va. 961 (1967). This same duty would fall on UAC, who approved the installation of the power lines on its property. APCo and UAC employ engineers and other employees who should know or have been trained on the safety rules in effect to protect the public. If the power lines were no longer in use, then the Defendants still have a duty to provide the spheres, as the danger to the flying public still existed, or to remove the lines to eradicate the danger. Moreover, these Defendants failed to warn pilots of the potential danger of contact with the powerlines.

14.     Upon information and belief, APCo failed to inspect these powerlines at reasonable intervals and knew, or in the exercise of reasonable care should have known, that airplanes and helicopters would be using the Logan County Airport, including festivals such as the Freedom Festival.

15.     APCo, as holder of the easement where the powerlines are located, has a duty along with the landowner to the public who may come in contact with the lines who are in and around the Logan community.

16.     APCo further owed occupants of aircraft flying in the vicinity of the powerlines a duty of reasonable care, particularly since providing electricity is an ultrahazardous activity. APCo, as the entity in possession or control of this abnormally dangerous instrumentality, is held to the highest degree of care, a standard commensurate with dangerousness to be avoided.

17.     As a direct and proximate result of the Defendants' negligence, the Huey helicopter in which Carolyn O'Connor was a passenger struck the overhead powerlines, causing the Huey Helicopter to crash, and become engulfed by fire. Carolyn O'Connor ultimately died in the crash and subsequent fire, experiencing pain, suffering, and mental anguish following the crash prior to her death and pain and suffering when the helicopter became engulfed by fire. The Estate of Carolyn O'Connor and its beneficiaries have suffered losses as set for in the West Virginia Wrongful Death Statute, *W.Va. Code* §55-7-6.

## COUNT II

### Strict Liability of APCo and UAC

18.     Plaintiff adopts and incorporates, by reference, the allegations set forth within the previous paragraphs as if fully set forth within this Count.

19.     The West Virginia Supreme Court has recognized that "electricity is an inherently dangerous instrumentality and that deviation from the highest possible standard of care is sufficient to impose liability." *Helmick v. Potomac Edison Co.*, 185 W.Va. 269 (1991).

20.     The powerlines at issue were located on APCo's easement, which ran across UAC's land, where the crash occurred. These powerlines constituted an inherently dangerous condition that posed a high degree of risk of death to the occupants of the Huey helicopter, which were known or should have been known to APCo and UAC. These powerlines

5

were located in close proximity to the Logan County Airport, and air traffic would be expected to fly in and around this area.

21.     APCo, owner of the above-referenced powerlines, and UAC, owner of the land where the powerlines crossed, each had nondelegable duties to inspect and maintain their inherently dangerous instrumentality and to avoid and/or correct any danger that the powerlines posed to air traffic. These Defendants knew of the inherently dangerous condition as it would have been readily visible to them, and each chose to ignore said hazard, failed to warn owners or occupants of aircraft, and/or failed to mark powerlines with high visibility spheres or remove the powerlines.

22.     A company who maintains electric lines of high voltage in a place which it knows or should anticipate others lawfully may resort and which exposes them to danger of contact is bound to take precautions for the person's safety. The powerlines at issue were located on APCo's easement across UAC's land. These lines were presumably owned, maintained, or controlled jointly by these Defendants and constituted an inherently dangerous condition which posed a high degree of risk of death to the occupants of the Huey helicopter, which these Defendants knew or reasonably should have known since it was close to the Logan County Airport.  Both Defendants could correct this dangerous condition but consciously chose not to.

23.     Both Defendants owed a nondelegable duty to inspect these powerlines and to prevent any dangerous conditions. These Defendants knew of the inherently dangerous condition and chose not to correct these hazards to occupants of aircraft such as the Huey helicopter by marking powerlines in the surrounding areas with high visibility spheres.

24.     As a direct and proximate result of the Defendants' acts and omissions and nondelegable duty regarding a dangerous instrumentality, they are strictly liable to Plaintiff. As a

result, the Huey helicopter in which the Plaintiff was a passenger struck the Defendants' powerlines and killed Carolyn O'Connor. The Plaintiff suffered pre-death pain and suffering, mental and physical anguish, and died when the helicopter became engulfed by fire. As a further result, Mary Furnas and all beneficiaries under the West Virginia Wrongful Death Statute, *W.Va. Code* §55-7-6, have suffered losses as set forth in the act.

25.     As a direct and proximate result of the willful, wanton, reckless, and intentional acts, and/or the willful and intentional failures to act of the Defendants and their agents and employees, jointly and severally, Plaintiff suffered the aforesaid damages and injuries, including death. As such, Plaintiff hereby demands punitive damages.

**WHEREFORE,** the Plaintiff, Mary Grace Furnas, as Executrix of the Estate of Carolyn Ann O'Connor, hereby demands judgment of and from the Defendants, Appalachian Power Company and United Affiliates Corporation, in such sums as will adequately compensate the Plaintiff for her injuries and claims, which said sums are far in excess of any sums necessary to confirm jurisdiction upon this Court, together with prejudgment and post-judgment interest, her costs expended in the prosecution of this lawsuit, including reasonable attorney fees, punitive damages and all damages allowable under West Virginia law, and further prays for such other, and further general relief as this Court may deem proper.

**THE PLAINTIFF FURTHER DEMANDS A TRIAL BY JURY.**

**Mary Grace Furnas,
Executrix of the Estate of
Carolyn Ann O'Connor,**

**By Counsel**

7

/s/ William M. Tiano
William M. Tiano, Esquire (#4308)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV  25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiff*

Filing # 164029879 E-Filed 01/04/2023 09:33:29 AM

IN THE CIRCUIT COURT FOR ORANGE COUNTY, FLORIDA

PROBATE DIVISION

File No. 2022-CP-003460-O

IN RE: ESTATE OF

CAROLYN ANN O'CONNOR,

Deceased.

## LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN:

WHEREAS, <u>CAROLYN ANN O'CONNOR</u>, a resident of <u>Orange</u> County, Florida, died on <u>June 22, 2022,</u> owning assets in the State of Florida, and

WHEREAS, <u>MARY GRACE FURNAS</u> has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare <u>MARY GRACE FURNAS</u> duly qualified under the laws of the State of Florida to act as personal representative of the estate of <u>CAROLYN ANN O'CONNOR</u>, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

These Letters of Administration expire one year from the date of issue.

Ordered on January 4, 2023.

_eSigned by Mike Murphy  01/04/2023 00:33:22 CRdTwWvN_

Circuit Judge

If there are parties not receiving service through the Florida Courts e-filing Portal, counsel will serve a copy of the order via U.S. Mail to the non-efiling parties and file a certificate of service in the court file no later than three days from the date of this order.

Form No. PA-3.0700
Effective January 1, 2012

**EXHIBIT**
1

FILED 2/29/2023 1:26 AM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

MARK MCGREW
CLERK OF THE CIRCUIT COURT OF LOGAN COUNTY
LOGAN COUNTY COURTHOUSE
Logan, WV 25601-3939

| | | | |
|---|---|---|---|
| **Control Number:** | 301807 | **Agent:** | C. T. Corporation System |
| **Defendant:** | APPALACHIAN POWER COMPANY | **County:** | Logan |
| | 5098 WEST WASHINGTON STREET | **Civil Action:** | 23-C-7 |
| | SUITE 407 | **Certified Number:** | 92148901125134100003731126 |
| | CHARLESTON, WV 25313 US | **Service Date:** | 2/1/2023 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

FILED 2/29/2023 1:27 AM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

MARK MCGREW
CLERK OF THE CIRCUIT COURT OF LOGAN COUNTY
LOGAN COUNTY COURTHOUSE
Logan, WV 25601-3939

| | | | |
|---|---|---|---|
| **Control Number:** 301806 | | **Agent:** C. T. Corporation System | |
| **Defendant:** UNITED AFFILIATES CORPORATION | | **County:** Logan | |
| 5098 WEST WASHINGTON STREET | | **Civil Action:** 23-C-7 | |
| SUITE 407 | | **Certified Number:** 92148901125134100003731119 | |
| CHARLESTON, WV 25313 US | | **Service Date:** 2/1/2023 | |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS



E-FILED | 1/27/2023 2:32 PM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA
### Mary Grace Furnas v. Appalachian Power Company

Service Type:   Filer - Secretary of State

NOTICE TO:   United Affiliates Corporation, c/o CT Corporation System, 5098 Washington St. W, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

William Tiano, PO Box 11830, Charleston, WV 25339

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 1/27/2023 2:32:17 PM | /s/ Mark McGrew |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

E-FILED | 2/9/2023 3:44 PM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

### IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

MARY GRACE FURNAS,
as Executrix of the Estate of
CAROLYN ANN O'CONNOR,

      Plaintiff,

v.                                    CIVIL ACTION NO. 23-2023-C-7
                                    Judge Joshua Butcher

APPALACHIAN POWER COMPANY,
a Virginia corporation,
UNITED AFFILIATES CORPORATION,
a Nevada corporation,

      Defendants.

### NOTICE OF ISSUANCE OF SUBPOENA

      PLEASE TAKE NOTE that the Plaintiff, Mary Grace Furnas, As Executrix of the Estate of Carolyn Ann O'Connor, by counsel, William M. Tiano, and the law firm of Tiano O'Dell, PLLC, has this day served an original subpoena duces tecum, a copy of which is attached hereto as Exhibit A, upon MARPAT AVIATION, LLC, for production of the following:

> Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

> Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

> Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.

IN LIEU OF ATTENDANCE, certified copies of any and all records may be delivered to Tiano O'Dell, PLLC, by March 1, 2023.

**Mary Grace Furnas,**
**Executrix of the Estate of**
**Carolyn Ann O'Connor,**

**By Counsel**

/s/ William M. Tiano
William M. Tiano, Esquire (#4308)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV  25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF _____LOGAN_____ COUNTY, WEST VIRGINIA

# CIVIL CASE SUBPOENA

MARY GRACE FURNAS, EXECUTRIX   Plaintiff,
ESTATE CAROLYN ANN O'CONNOR
APPALACHIAN POWER COMPANY,                    Civil Action No.:   23-C-7
ET AL.
TO:                                        Defendant.

   Marpat Aviation, LLC

   c/o Michael K. Holbrook, P.O. Box 161, Switzer, WV  25647

☑ **YOU ARE HEREBY COMMANDED** to appear in the Circuit Court of _____Logan_____ County at the place, date and time specified below to
   ☑   testify in the taking of a deposition in the above-styled case
   ☐   testify in a hearing in the above-styled case
   ☐   testify in the trial of the above-styled case

☑ **YOU ARE FURTHER COMMANDED** to produce and permit inspection of  and copying of designated books, documents or tangible things in your
possession, custody or control, as follows:   See attached Exhibit 1.  ************IN LIEU OF ATTENDANCE, please forward
requested documents to William M. Tiano, Esq., P. O. Box 11830, Charleston, WV 25339 (wtiano@tolawfirm.com)
before deposition date.

☐ **YOU ARE FURTHER COMMANDED** to permit inspection of premises located at _____
_____ on _____ (date) at _____ AM/PM.

Place:   Logan County Courthouse - Law Library                          Date:  03/01/23
   300 Stratton St.
   Logan, WV                                                        Time:  10:00 a.m.

Issued by:   William M. Tiano

   Tiano O'Dell, PLLC

   P.O. Box 11830                          Signature: _____

   Charleston, WV  25339                   Date: 2-9-23

**W. Va. R. Civ. P. 45(c).** *Place of the examination.-* A deponent may be required to attend an examination only in the county in which the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court.
**W. Va. R. Civ. P. 45(d).** *Protection of persons subject to subpoenas.-* (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The Court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings, and a reasonable attorney's fee. (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.  (B) Subject to paragraph (e)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded. (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person to travel for a deposition to a place other than the county in which that person resides or is employed or transacts business in person or at a place fixed by order of the court; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden. (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
**W. Va. R. Civ. P. 45(e).** *Duties in responding to subpoena.* - (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made ex[...] supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the de[...] the claim.

**EXHIBIT**
**A**

**EXHIBIT 1**
**DOCUMENTS**

Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.

E-FILED | 2/9/2023 3:46 PM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

**IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA**

MARY GRACE FURNAS,
as Executrix of the Estate of
CAROLYN ANN O'CONNOR,

      Plaintiff,

v.                           **CIVIL ACTION NO. 23-2023-C-7**
                                 **Judge Joshua Butcher**

APPALACHIAN POWER COMPANY,
a Virginia corporation,
UNITED AFFILIATES CORPORATION,
a Nevada corporation,

      Defendants.

## NOTICE OF ISSUANCE OF SUBPOENA

      PLEASE TAKE NOTE that the Plaintiff, Mary Grace Furnas, As Executrix of the Estate of Carolyn Ann O'Connor, by counsel, William M. Tiano, and the law firm of Tiano O'Dell, PLLC, has this day served an original subpoena duces tecum, a copy of which is attached hereto as Exhibit A, upon LOGAN COUNTY AIRPORT AUTHORITY for production of the following:

      Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

      Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

      Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.

IN LIEU OF ATTENDANCE, certified copies of any and all records may be delivered to Tiano O'Dell, PLLC, by March 1, 2023.

**Mary Grace Furnas,**
**Executrix of the Estate of**
**Carolyn Ann O'Connor,**

**By Counsel**

/s/ William M. Tiano
William M. Tiano, Esquire (#4308)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV 25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF _____LOGAN_____ COUNTY, WEST VIRGINIA

# CIVIL CASE SUBPOENA

MARY GRACE FURNAS, EXECUTRIX  Plaintiff,
ESTATE CAROLYN ANN O'CONNOR
v.
APPALACHIAN POWER COMPANY,
ET AL.                           Defendant.

Civil Action No.:   23-C-7

TO:
    Logan County Airport Authority

    3236 Band Mill Hollow Road, Logan, WV 25601

☑ **YOU ARE HEREBY COMMANDED** to appear in the Circuit Court of _____Logan_____ County at the place, date and time specified below to
    ☑ testify in the taking of a deposition in the above-styled case
    ☐ testify in a hearing in the above-styled case
    ☐ testify in the trial of the above-styled case

☑ **YOU ARE FURTHER COMMANDED** to produce and permit inspection of and copying of designated books, documents or tangible things in your possession, custody or control, as follows:   See attached Exhibit 1.   ************IN LIEU OF ATTENDANCE, please forward

requested documents to William M. Tiano, Esq., P. O. Box 11830, Charleston, WV 25339 (wtiano@tolawfirm.com)

before deposition date.

☐ **YOU ARE FURTHER COMMANDED** to permit inspection of premises located at _____

_____ on _____ (date) at _____ AM/PM.

Place:  Logan County Courthouse - Law Library                    Date: 03/01/23
        300 Stratton St.
        Logan, WV                                                Time: 10:00 a.m.

Issued by:      William M. Tiano

                Tiano O'Dell, PLLC

                P.O. Box 11830

                Charleston, WV  25339        Signature: _____
                                             Date: 2-9-23

W. Va. R. Civ. P. 45(c).  *Place of the examination.-* A deponent may be required to attend an examination only in the county in which the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court.
W. Va. R. Civ. P. 45(d).  *Protection of persons subject to subpoenas.-* (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The Court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings, and a reasonable attorney's fee. (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.  (B)  Subject to paragraph (e)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded. (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person to travel to a deposition to a place other than the county in which that person resides or is employed or transacts business in person or at a place fixed by order of the court; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden. (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
W. Va. R. Civ. P. 45(e).  *Duties in responding to subpoena.* - (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.  (2)  When inform[...] subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expre[...] supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the dema[...] the claim.



**EXHIBIT 1**
**DOCUMENTS**

Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.

E-FILED | 2/9/2023 3:47 PM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

MARY GRACE FURNAS,
as Executrix of the Estate of
CAROLYN ANN O'CONNOR,

   Plaintiff,

v.        CIVIL ACTION NO. 23-2023-C-7
         Judge Joshua Butcher

APPALACHIAN POWER COMPANY,
a Virginia corporation,
UNITED AFFILIATES CORPORATION,
a Nevada corporation,

   Defendants.

### NOTICE OF ISSUANCE OF SUBPOENA

   PLEASE TAKE NOTE that the Plaintiff, Mary Grace Furnas, As Executrix of the Estate of Carolyn Ann O'Connor, by counsel, William M. Tiano, and the law firm of Tiano O'Dell, PLLC, has this day served an original subpoena duces tecum, a copy of which is attached hereto as Exhibit A, upon GORDON PRESCOTT for production of the following:

   Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

   Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

   Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.

IN LIEU OF ATTENDANCE, certified copies of any and all records may be delivered to Tiano O'Dell, PLLC, by March 1, 2023.

**Mary Grace Furnas,**
**Executrix of the Estate of**
**Carolyn Ann O'Connor,**

**By Counsel**

/s/ William M. Tiano
William M. Tiano, Esquire (#4308)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV 25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF _____LOGAN_____ COUNTY, WEST VIRGINIA

# CIVIL CASE SUBPOENA

MARY GRACE FURNAS, EXECUTRIX  Plaintiff,
ESTATE CAROLYN ANN O'CONNOR
APPALACHIAN POWER COMPANY,
ET AL.                              Defendant.

Civil Action No.:   23-C-7

TO:   Gordon Prescott

614 Rainbow Road, Princeton, WV 24739

☑ **YOU ARE HEREBY COMMANDED** to appear in the Circuit Court of _____Logan_____ County at the place, date and time specified below to
　☑　testify in the taking of a deposition in the above-styled case
　☐　testify in a hearing in the above-styled case
　☐　testify in the trial of the above-styled case

☑ **YOU ARE FURTHER COMMANDED** to produce and permit inspection of and copying of designated books, documents or tangible things in your possession, custody or control, as follows:   See attached Exhibit 1.  ***********IN LIEU OF ATTENDANCE, please forward

requested documents to William M. Tiano, Esq., P. O. Box 11830, Charleston, WV 25339 (wtiano@tolawfirm.com)

before deposition date.

☐ **YOU ARE FURTHER COMMANDED** to permit inspection of premises located at _____

_____ on _____ (date) at _____ AM/PM.

Place:   Brewster Morhous PLLC                                    Date:  03/01/23
418 Bland St.
Bluefield, WV
                                                                 Time:  10:00 a.m.

Issued by:   William M. Tiano

Tiano O'Dell, PLLC

P.O. Box 11830

Charleston, WV  25339                  Signature: _____

Date: 2-9-23

W. Va. R. Civ. P. 45(c).  *Place of the examination.*- A deponent may be required to attend an examination only in the county in which the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court.

W. Va. R. Civ. P. 45(d).  *Protection of persons subject to subpoenas.*- (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings, and a reasonable attorney's fee. (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. (B) Subject to paragraph (e)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded. (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person to travel to a deposition to a place other than the county in which that person resides or is employed or transacts business in person or at a place fixed by order of the court; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden. (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

W. Va. R. Civ. P. 45(e).  *Duties in responding to subpoena.* - (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT**

**A**

# EXHIBIT 1
## DOCUMENTS

Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.

FILED 2/21/2023 2:23 PM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

MARK MCGREW
CLERK OF THE CIRCUIT COURT OF LOGAN COUNTY
LOGAN COUNTY COURTHOUSE
Logan, WV 25601-3939

| | | |
|---|---|---|
| **Control Number:** 302895 | **Agent:** MICHAEL HOLBROOK | |
| **Defendant:** MARPAT AVIATION LLC | **County:** Logan | |
| PO BOX 161 | **Civil Action:** 23-C-7 | |
| SWITZER, WV 25647 US | **Certified Number:** 92148901125134100003740920 | |
| | **Service Date:** 2/13/2023 | |

I am enclosing:

**1 subpoena**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office***.

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

IN THE CIRCUIT COURT OF _____**LOGAN**_____ COUNTY, WEST VIRGINIA

# CIVIL CASE SUBPOENA

MARY GRACE FURNAS, EXECUTRIX  Plaintiff,

ESTATE CAROLYN ANN O'CONNOR

APPALACHIAN POWER COMPANY,                                Civil Action No.:  23-C-7

ET AL.                                          Defendant.

TO:
Marpat Aviation, LLC

c/o Michael K. Holbrook, P.O. Box 161, Switzer, WV  25647

☑ **YOU ARE HEREBY COMMANDED** to appear in the Circuit Court of _____**Logan**_____ County at the place, date and time specified below to
  - ☑ testify in the taking of a deposition in the above-styled case
  - ☐ testify in a hearing in the above-styled case
  - ☐ testify in the trial of the above-styled case

☑ **YOU ARE FURTHER COMMANDED** to produce and permit inspection of and copying of designated books, documents or tangible things in your possession, custody or control, as follows:  See attached Exhibit 1.  ************IN LIEU OF ATTENDANCE, please forward

requested documents to William M. Tiano, Esq., P. O. Box 11830, Charleston, WV 25339 (wtiano@tolawfirm.com)

before deposition date.

☐ **YOU ARE FURTHER COMMANDED** to permit inspection of premises located at _____

_____ on _____ (date) at _____ AM/PM.

Place: Logan County Courthouse - Law Library                               Date: 03/01/23
300 Stratton St.
Logan, WV                                                                  Time: 10:00 a.m.

Issued by:    William M. Tiano

Tiano O'Dell, PLLC

P.O. Box 11830

Charleston, WV  25339          Signature: _____

Date: 2-9-23

---

**W. Va. R. Civ. P. 45(c).  *Place of the examination.-*** A deponent may be required to attend an examination only in the county in which the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court.

**W. Va. R. Civ. P. 45(d).  *Protection of persons subject to subpoenas.-*** (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The Court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings, and a reasonable attorney's fee.  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.  (B)  Subject to paragraph (e)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person to travel for a deposition to a place other than the county in which that person resides or is employed or transacts business in person or at a place fixed by order of the court; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.  (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**W. Va. R. Civ. P. 45(e).  *Duties in responding to subpoena.*** - (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 1**
**DOCUMENTS**

Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.

FILED 2/21/2023 3:15 PM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

IN THE CIRCUIT COURT OF ___LOGAN___

# CIVIL CASE SUBPOENA

MARY GRACE FURNAS, EXECUTRIX  Plaintiff,

ESTATE CAROLYN ANN O'CONNOR

APPALACHIAN POWER COMPANY,

ET AL.                          Defendant.

Civil Action No.:  23-C-7

TO:
Logan County Airport Authority

3236 Band Mill Hollow Road, Logan, WV 25601

☑ **YOU ARE HEREBY COMMANDED** to appear in the Circuit Court of ___Logan___ County at the place, date and time specified below to
☑ testify in the taking of a deposition in the above-styled case
☐ testify in a hearing in the above-styled case
☐ testify in the trial of the above-styled case

☑ **YOU ARE FURTHER COMMANDED** to produce and permit inspection of and copying of designated books, documents or tangible things in your possession, custody or control, as follows:  See attached Exhibit 1.  ************IN LIEU OF ATTENDANCE, please forward

requested documents to William M. Tiano, Esq., P. O. Box 11830, Charleston, WV 25339 (wtiano@tolawfirm.com)

before deposition date.

☐ **YOU ARE FURTHER COMMANDED** to permit inspection of premises located at _____

_____ on _____ (date) at _____ AM/PM.

Place: Logan County Courthouse - Law Library
300 Stratton St.
Logan, WV

Date: 03/01/23

Time: 10:00 a.m.

Issued by:
William M. Tiano

Tiano O'Dell, PLLC

P.O. Box 11830

Charleston, WV  25339

Signature: _____

Date: 2-9-23

**W. Va. R. Civ. P. 45(c).  Place of the examination.-** A deponent may be required to attend an examination only in the county in which the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court.
**W. Va. R. Civ. P. 45(d).  Protection of persons subject to subpoenas.-** (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The Court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings, and a reasonable attorney's fee. (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. (B) Subject to paragraph (e)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.  (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person to travel for a deposition to a place other than the county in which that person resides or is employed or transacts business in person or at a place fixed by order of the court; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.  (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
**W. Va. R. Civ. P. 45(e).  Duties in responding to subpoena.** - (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.  (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

MARK MCGREW
CLERK OF THE CIRCUIT COURT OF LOGAN COUNTY
LOGAN COUNTY COURTHOUSE
Logan, WV 25601-3939

**Control Number:** 302894

**Defendant:** LOGAN COUNTY AIRPORT
AUTHORITY
3236 BAND MILL HOLLOW ROAD
LOGAN, WV 25601 US

**County:** Logan

**Civil Action:** 23-C-7

**Certified Number:** 92148901125134100003740913

**Service Date:** 2/13/2023

I am enclosing:

**1 subpoena**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

E-FILED | 2/23/2023 9:20 AM
CC-23-2023-C-7
Logan County Circuit Clerk
Mark McGrew

# IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

MARY GRACE FURNAS,
as Executrix of the Estate of
CAROLYN ANN O'CONNOR,

        Plaintiff,

v.                               CIVIL ACTION NO. 23-2023-C-7
                               Judge Joshua Butcher

APPALACHIAN POWER COMPANY,
a Virginia corporation,
UNITED AFFILIATES CORPORATION,
a Nevada corporation,

        Defendants.

## RETURN OF SERVICE

STATE OF WEST VIRGINIA

COUNTY OF _Mercer_, To-wit:

I, _Ted Jones_, a credible person over the age of twenty-one, being first duly sworn, on his oath says that he executed the within Subpoena Duces Tecum upon Gordon Prescott at _614 Rainbow Road_, in _Mercer_ County, West Virginia by delivering to _Gordon Prescott_ an exact and true copy thereof on the _20th_ day of _February_, 2023.

_____
Process Server

Taken, subscribed and sworn to before the undersigned Notary Public on the _20th_ day of _February_, 2023.

My commission expires: _Sept. 20, 2026_

_____
NOTARY PUBLIC

Official Seal
Notary Public, State of West Virginia
Greta H. McHugh
238 Whispering Woods Rd.
Charleston, WV 25304
My Commission Expires September 20, 2026

IN THE CIRCUIT COURT OF ____LOGAN____ COUNTY, WEST VIRGINIA

# CIVIL CASE SUBPOENA

MARY GRACE FURNAS, EXECUTRIX Plaintiff,
ESTATE CAROLYN ANN O'CONNOR
APPALACHIAN POWER COMPANY,                    Civil Action No.:   23-C-7
ET AL.
                                    Defendant.

TO:
  Gordon Prescott

  614 Rainbow Road, Princeton, WV 24739

☑YOU ARE HEREBY COMMANDED to appear in the Circuit Court of ____Logan____ County at the place, date and time specified below to
  ☑ testify in the taking of a deposition in the above-styled case
  ☐ testify in a hearing in the above-styled case
  ☐ testify in the trial of the above-styled case

☑YOU ARE FURTHER COMMANDED to produce and permit inspection of and copying of designated books, documents or tangible things in your possession, custody or control, as follows:   See attached Exhibit 1. ************IN LIEU OF ATTENDANCE, please forward
requested documents to William M. Tiano, Esq., P. O. Box 11830, Charleston, WV 25339 (wtiano@tolawfirm.com)
before deposition date.

☐YOU ARE FURTHER COMMANDED to permit inspection of premises located at _____
_____ on _____ (date) at _____ AM/PM.

Place:  Brewster Morhous PLLC                                  Date: 03/01/23
  418 Bland St.
  Bluefield, WV
                                                  Time: 10:00 a.m.

Issued by:    William M. Tiano

          Tiano O'Dell, PLLC

          P.O. Box 11830

          Charleston, WV  25339
                              Signature: _____
                                Date: 2-9-23

W. Va. R. Civ. P. 45(e).  *Place of the examination.*- A deponent may be required to attend an examination only in the county in which the deponent resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court.

W. Va. R. Civ. P. 45(d).  *Protection of persons subject to subpoenas.*- (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued may enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings, and a reasonable attorney's fee.  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.  (B) Subject to paragraph (c)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires a person to travel for a deposition to a place other than the county in which that person resides or is employed or transacts business in person or at a place fixed by order of the court; (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.  (B) If a subpoena (i) requires disclosure of a trade secret or other confidential research development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

W. Va. R. Civ. P. 45(e).  *Duties in responding to subpoena.*- (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT 1**
**DOCUMENTS**

Any and all insurance policies that may cover all or part of the damages as a result of the helicopter crash occurring on June 22, 2022, at WV 17 and Blair Mountain Road.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Marpat Aviation, LLC, or any member of Marpat Aviation, LLC, for the policy year of 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies issued to Gordon Prescott for the policy year 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies covering the Huey helicopter which was involved in the crash on June 22, 2022, in Logan County.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover activities related to the Freedom Festival 2022.

Any and all liability insurance policies, general liability insurance policies, aircraft liability policies and/or other insurance policies which cover Logan County Airport Authority for the policy year of 2022.