IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY GRACE FURNAS,
*as Executrix of the Estate of*
*Carolyn Ann O'Connor*,

                Plaintiff,

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.   2:23-cv-00168

APPALACHIAN POWER COMPANY and
UNITED AFFILIATES CORPORATION,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Appalachian Power Company's Motion for Judgment on the Pleadings* (Document 8), *Defendant Appalachian Power Company's Memorandum of Law in Support of Its Motion for Judgment on the Pleadings* (Document 9), the *Plaintiff's Response to Defendant Appalachian Power Company's Motion for Judgment on the Pleadings* (Document 11), and *Appalachian Power Company's Reply in Support of Its Motion for Judgment on the Pleadings* (Document 12).  For the reasons stated herein, the Court finds that the Defendant's motion for judgment on the pleadings should be granted.

The Court also has reviewed the *Plaintiff's Motion to Amend Complaint* (Document 10), *Appalachian Power Company's Response in Opposition to Plaintiff's Motion to Amend Complaint* (Document 13), and the *Plaintiff's Reply to Appalachian Power Company's Response in Opposition to Plaintiff's Motion to Amend Complaint* (Document 14).  For the reasons stated

herein, the Court finds that the Plaintiff's motion to amend should be granted and that Count III of the *Amended Complaint* should be dismissed insofar as it names Defendant Appalachian Power Company.

## RELEVANT FACTS AND PROCEDURAL HISTORY

The Plaintiff, Mary Furnas, as the executrix of the estate of Carolyn O'Conner, initiated this action on January 27, 2023, in the Circuit Court of Logan County, West Virginia.[1] The action was removed to this Court on February 27, 2023. The Complaint names two defendants, Appalachian Power Company (APCo), an electric utility company, and United Affiliates Corporation (UAC). The Plaintiff brought this action, alleging that the Defendants are liable for the personal injuries and untimely death of Carolyn O'Conner on June 22, 2022.

On June 22, 2022, Carolyn O'Conner was attending the Freedom Festival celebration, which was being held at the Logan County Airport. On that day, she was a passenger in a "Huey" helicopter, which came into contact with overhead power lines "constructed, owned, and maintained" by Defendant APCo, along West Virginia Route 17. (Compl. at ¶ 5) (Document 1-1.) The power lines originated on Defendant UAC's land. The Plaintiff alleges that the power lines were installed, owned, maintained, and controlled by the Defendants.

The power lines lacked warning of their location, which caused the helicopter to come into contact with them. Contact with the power lines caused the helicopter to "burst into flames," and the resulting crash killed all the helicopter occupants. (*Id.*)

The Complaint contains the following causes of action: Count I—Negligence, as to APCo and UAC, and Count II—Strict Liability, as to APCo and UAC. The Plaintiff seeks compensatory

---

[1] For the purpose of this motion for judgment on the pleadings, the Court accepts the factual allegations contained in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

damages, punitive damages, pre- and post-judgment interest, costs and attorney fees, any damages available under law, and any relief the Court deems proper.

## STANDARD OF REVIEW

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion tests only the legal sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). "As a general rule, '[w]hen considering a defendant's motion for judgment on the pleadings, the court must base its decision solely on information obtained from the pleadings.'" *Hagy v. Equitable Production Co.*, 2:10-cv-01372, 2011 WL 3031124, at *2 (S.D. W. Va. July 22, 2011) (Goodwin, J.) (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F.Supp.2d 758, 763-64 (M.D.N.C. 2004)).

As such, a motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr. Inc.*, 681 F.Supp.2d 694, 707 n.17 (S.D. W. Va. 2009) (Goodwin, J.). The distinction between the standards governing a motion for judgment on the pleadings and a motion to dismiss "is one without a difference." *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521

F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

### A. The Defendant's Motion for Judgment on the Pleadings

The West Virginia Supreme Court of Appeals has stated that [w]here a person chooses to use an abnormally dangerous instrumentality he is strictly liable without a showing of negligence for any injury proximately caused by that instrumentality." *Peneschi v. Nat'l Steel Corp.*, 170 W. Va. 511, 515, 295 S.E.2d 1, 5 (1982). The Plaintiff alleges that electricity is "inherently dangerous" and therefore the Defendant is strictly liable for the injuries caused by the Defendant's electric utility poles. The Defendant argues that judgment on the pleadings is inappropriate because maintenance of powerlines is not an *abnormally* dangerous activity, and therefore not subject to strict liability.

In *Maggard v. Appalachian Electric Power Co.*, the West Virginia Supreme Court of Appeals stated that "[t]hose who operate and maintain wires charged with dangerous voltage of

electricity are required to exercise a degree of care commensurate with the dangers to be reasonably apprehended therefrom; but they are not insurers against all injury therefrom." Syl. Pt. 1, 163 S.E. 27, 27 (W. Va. 1932). The court based liability on the reasonableness of those who maintain electric lines and bound them to "exercise the care and prudence necessary to prevent injury at places where others have the right to go either for business, work, or pleasure." *Maggard*, 163 S.E. at 29. The court discarded the notion that an electric company should be "an insurer against injury from its high-tension wires" because that would require the electric company to "insulate [wires] in uninhabited places" or would allow occupants of an airplane to recover "if, perchance, [a] plane came in contact with such wires." *Maggard*, 163 S.E. at 29.

The Plaintiff argues that because *Maggard*, a 1932 case, predates *Peneschi v. National Steel Corp.*, and West Virginia's adoption of strict products liability in *Morningstar v. Black & Decker*, 162 W. Va. 857 (1979), it does not control the outcome in this case. *Morningstar* makes clear that "[t]he concept of strict liability in tort . . . is not foreign to [West Virginia]." 253 S.E.2d at 678 (citing *Peters v. Johnson, Jackson & Co.*, 50 W.Va. 644, 41 S.E. 190 (1902)). In *Peneschi*, the court stated that the doctrine of strict liability for abnormally dangerous activities was adopted by West Virginia no later than 1911. 295 S.E.2d at 6 (citing *Weaver Mercantile Co. v. Thurmond*, 68 W.Va. 530, 70 S.E. 126 (1911)).

What is more, the West Virginia Supreme Court of Appeals has continued to subsequently apply the principle in *Maggard* and has applied it at least once after its decisions in *Morningstar* and *Peneschi*. *See Huffman v. Appalachian Power Co.*, 415 S.E.2d 145, 150 (W. Va. 1991) (favorably citing syllabus point one of *Maggard* and holding that an electric company had a duty of reasonable care and in order to establish liability the company must have reason to believe a

6

trespasser would not discover the risk of the electric lines); *see also Sutton v. Monongahela Power Co.*, 158 S.E.2d 98, 106 (W. Va. 1967) (favorably citing syllabus point one of *Maggard*).

It is of no consequence that, under West Virginia law, electricity constitutes "an inherently dangerous instrumentality." *Helmick v. Potomac Edison Co.*, 406 S.E.2d 700, 704 (W. Va. 1991) (citing *Miller v. Monongahela Power Company*, 184 W.Va. 663, 403 S.E.2d 406 (1991). "A person in charge of or maintaining an instrumentality inherently dangerous is not liable to one who is injured thereby in a manner which could not be *reasonably* anticipated." *Musser v. Norfolk & W. Ry. Co.*, 9 S.E.2d 524, 524 (W. Va. 1940) (emphasis added). Otherwise stated, an inherently dangerous activity is one where "precautionary steps" can be taken, "whereas a person engaged in abnormally dangerous activities is subject to strict liability, i.e., liability no matter how carefully the activity is undertaken." *King v. Lens Creek Ltd. Partn.*, 483 S.E.2d 265, 271 n.8 (W. Va. 1996) (citing *Wagner v. Continental Casualty Co.*, 143 Wis.2d 379, 421 N.W.2d 835, 840 (1988)).

The Plaintiff urges the Court to look past *Maggard* and look to the factors stated in Restatement (Second) of Torts § 519, which were adopted in *Peneschi*, arguing that, in this *particular case*, "the design, constitution, configuration, ownership, and maintenance of the power poles and of the powerlines," amounted to an abnormally dangerous instrumentality. (Pl. Resp. at 3) (Document 11.) However, in *Peneschi*, the court also adopted the "exception within" the § 519 factors for abnormally dangerous activities "carried on in pursuance of a public duty imposed upon the actor." 295 S.E.2d 1, 10 (W. Va. 1982) (citing Restatement (Second) of Torts § 521 (1976)).

The Plaintiff alleges that APCo is "an electric utility." (Compl. ¶2.) The transmission of electricity is a public service and necessity. An electric utility is precisely the type of actor that is carrying on its activities pursuant to a public duty, making strict liability inappropriate. *See, e.g.*, *G & K Dairy v. Princeton Elec. Plant Bd.*, 781 F. Supp. 485 (W.D. Ky. 1991) (citing Rest. 2d of Torts § 521); *Voelker v. Delmarva Power and Light Co.*, 727 F. Supp. 991, 994 (D. Md. 1989) (citing Rest. 2d of Torts § 521); *Kentucky Utilities Co. v. Auto Crane Co.*, 674 S.W.2d 15, 18 (Ky. App. 1983) (citing Rest. 2d of Torts § 521). Whether Defendant APCo could have taken additional precautions goes to prudence and reasonableness and should be resolved under a negligence claim.

Accordingly, the Plaintiff cannot maintain a strict liability action against Defendant APCo, because the transmission of electricity through power lines is not an abnormally dangerous activity, and even if it was, Defendant APCo would benefit from the public duty exception stated in § 521 of the Restatement (Second) of Torts, as adopted by *Peneschi*. Thus, Count II against Defendant APCo fails to state a claim upon which relief can be granted, and should be dismissed.

**B. The Plaintiff's Motion to Amend**

The Plaintiff moves to amend her complaint, in part, to cure legal deficiencies brought to light by the Defendant's motion for judgment on the pleadings. The Plaintiff's *Amended Complaint* (Document 10-1) has (1) bolstered the allegations of negligence contained in Count I, (2) reclassified Count II as liability for the Defendants' "inherently dangerous activity," (3) has moved her strict liability claim to Count III, and (4) changed the allegations of "inherently dangerous" conditions to those of "abnormally dangerous" conditions in Count III.

The Plaintiff argues that amendment is proper because bad faith is absent and the Defendants are not prejudiced by the amendments, given that discovery has not yet begun. (Pl. Motion to Amend at 2) (Document 10). Defendant APCo does not dispute the lack of prejudice or bad faith but responds that the Plaintiff's amendments are futile due to its motion for judgment on the pleadings. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

The motion for judgment on the pleadings, as discussed above, supports dismissal of the Plaintiff's strict liability claim against movant Defendant APCo. The Plaintiff's wording change that "[e]lectricity is an abnormally dangerous instrumentality in certain circumstances" rather than an "inherently dangerous instrumentality," does not save the Plaintiff's strict liability claim against Defendant APCo. (Am. Compl. ¶ 22.) As discussed above, the transmission of electricity by an electric utility does not constitute an "abnormally dangerous instrumentality," and, West Virginia common law does not hold an electric utility strictly liable for the injuries resulting from an aviation collision with its powerlines. Accordingly, the *Amended Complaint* is only futile insofar as it pursues a strict liability claim against Defendant APCo.

Therefore, finding no prejudice or bad faith, the Plaintiff should be granted leave to file the *Amended Complaint* as attached to her motion. However, the strict liability claim against Defendant APCo as stated in Count III of the Plaintiff's *Amended Complaint* should be dismissed as futile.[2]

---

[2] The Court acknowledges that Count III names both Defendant APCo and Defendant UAC. The dismissal only impacts Count III insofar as it pertains to Defendant APCo.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Appalachian Power Company's Motion for Judgment on the Pleadings* (Document 8) be **GRANTED**.

The Court further **ORDERS** that the *Plaintiff's Motion to Amend Complaint* (Document 10) be **GRANTED** and that Count III of the *Amended Complaint* be **DISMISSED** as to Defendant Appalachian Power Company. Lastly, the Court **ORDERS** that the *Amended Complaint* (Document 10-1) be filed and that it be the controlling document as the case moves forward.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 10, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

10